# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-50626
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILKEN RUIZ-GUIFARRO, also known as Andres Gomez-Ruiz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-66-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wilken Ruiz-Guifarro appeals his sentence following his guilty plea conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. Ruiz-Guifarro was sentenced within his advisory guidelines range to 77 months of imprisonment and three years of supervised release. Ruiz-Guifarro contends that his sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2, the Guideline applicable to violations of § 1326, is not empirically based and double-counts a defendant's criminal history. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledged by Ruiz-Guifarro, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Ruiz-Guifarro also contends that his sentence should be vacated as substantively unreasonable because it was based in part on § 2L1.2 and was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). Regarding § 3553(a), Ruiz-Guifarro contends that his sentence overstated the seriousness of his illegal reentry offense and failed to properly reflect his personal history and characteristics. The substantive reasonableness of Ruiz-Guifarro's sentence is reviewed for plain error because he did not object on that ground in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Ruiz-Guifarro's appellate arguments fail to establish that his sentence was the result of error, much less plain error. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Duarte*, 569 F.3d at 529-31 & n.11; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.